*381 CAVANAGH, J.
(concurring in part and dissenting in part). I concur that People v Poole, 444 Mich 151; 506 NW2d 505 (1993), is no longer controlling law to the extent it relied on Ohio v Roberts, 448 US 56; 100 S Ct 2531; 65 L Ed 2d 597 (1980), to hold that the admissibility of a codefendant’s nontestimonial hearsay statement is governed by the Confrontation Clause of the Sixth Amendment of the United States Constitution. I dissent, however, because I would grant leave to appeal to consider the viability oí Poole’s interpretation of MRE 804(b)(3) in light of Williamson v United States, 512 US 594, 600-601; 114 S Ct 2431; 129 L Ed 2d 476 (1994).
Under MRE 804(b)(3), a nontestimonial hearsay statement is not excluded if the declarant is not available as a witness and the statement “so far tended to subject the declarant to civil or criminal liability... that a reasonable person in the declarant’s position would not have made the statement unless believing it to be true.” Poole interpreted MRE 804(b)(3) to allow a declarant’s statements to be admitted as a whole against a codefendant, even where some of the statements inculpate the codefendant without inculpating the declarant, if made “in the context of a narrative of events” that as a whole was against the declarant’s penal interest. Poole, supra at 161. The Poole Court stated that it was “guided by the comment of the Advisory Committee for the Federal Rules of Evidence concerning FRE 804(b)(3), on which the Michigan rule is modeled.” Id.
As the majority opinion acknowledged in this case, one year after Poole was decided, the United States Supreme Court repudiated the interpretation of the federal commentary advanced in Poole. See Williamson, supra at 600-601. Specifically, Williamson held that “the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory state *382 ments, even if they are made within a broader narrative that is generally self-inculpatory. .. . [T]his is especially true when the statement implicates someone else.” Williamson, supra at 600-601. Williamson further stated that the Court did not need to look to the federal commentary to interpret FRE 804(b)(3) because “the policy expressed in [the rule]’s text points clearly enough in one direction that it outweighs whatever force the Notes may have.” Id. at 602. Nevertheless, the Court considered the portion of the federal commentary on which Poole relied, and found it “not particularly clear” and inconsistent with other portions of the commentary, which the Court found to support a contrary interpretation. Id.
This Court should grant leave to appeal to reconsider the validity of Poole in light of Williamson. The majority opinion dismisses Williamson in a footnote by tersely stating that “[w]e note this development in federal law, but believe that the portion of Poole pertaining to MRE 804(b)(3) was correctly decided.” Ante at 379 n 6. While the United States Supreme Court’s interpretation of FRE 804(b)(3) does not necessarily control how this Court interprets MRE 804(b)(3), I cannot agree that Poole is so clearly and completely unaffected by Williamson that it is appropriate for this Court to dismiss the issue in a footnote.
The United States Supreme Court’s express rejection of the interpretation of the federal commentary on which Poole relies is significant. The majority misses the point when it notes that this Court is not bound by the FRE by stating that “this Court finds commentary and caselaw on the [FRE] helpful and, in some cases, persuasive.” Ante at 379 n 6, citing People v VanderVliet, 444 Mich 52, 60 n 7; 508 NW2d 114 (1993). When this Court bases its interpretation of an MRE on the federal *383 commentary to the equivalent FRE, and the United States Supreme Court then soundly rejects that understanding of the FRE, it merits greater attention from this Court than dismissal in a footnote. It is true that we are not bound by the FRE because we find commentary and caselaw for the FRE “only” helpful and sometimes persuasive. But, because we do find commentary and caselaw for the FRE helpful and sometimes persuasive, it is worth evaluating in a meaningful, substantive manner whether Poole’s interpretation of MRE 804(b)(3) was correct irrespective of Williamson’s rejection of Poole’s reasoning.[1] This jurisprudentially significant issue merits, at a minimum, granting leave to appeal.
Further, as stated in my dissent in Poole, I continue to think that it is more consistent with the text of MRE 804(b)(3) to exclude the portions of a declarant’s statements that implicate a codefendant but are not against the declarant’s penal interest. See Poole, supra at 166-169 (CAVANAGH, J., dissenting). The exception to the general rule against hearsay in MRE 804(b)(3) allows admission of statements against interest only insofar as a “reasonable person in the declarant’s position would not have made the statement unless believing it to be true.” As stated in Williamson, supra at 599-600:
Rule 804(b)(3) is founded on the eommonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true.. .. The fact that a person is making a broadly self-inculpatory confession does not make more credible the confession’s non-selfinculpatory parts. One of the most effective ways to lie is to *384 mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature.
Poole’s interpretation of MRE 804(b)(3) is an imprecise proxy for when a “reasonable person in the declarant’s position would not have made the statement unless believing it to be true.” MRE 804(b)(3). Poole incorrectly assumed that any statement made in the context of a narrative of events that as a whole is against the declarant’s penal interest is one that a reasonable person in the declarant’s position would not have made unless it were true. Williamson’s interpretation more accurately reflects the rule’s text and the reality that the underlying justification for inferring that self-inculpatory statements are true does not necessarily extend to contemporaneous non-selfinculpatory statements. This is especially true when, as in this case, the non-self-inculpatory statements exculpate the declarant and inculpate a codefendant.[2]
This Court should grant leave to appeal to reconsider Poole in light of Williamson because Williamson rejected the interpretation of the federal commentary on which Poole was based. Further, the facts of this case illustrate the flaws in Poole’s interpretation of MRE 804(b)(3) as compared to Williamson’s interpretation.
KELLY, J., concurred with CAVANAGH, J.

 In lieu of conducting a meaningful, substantive evaluation of the validity of Poole after Williamson, the majority opinion “notes” Williamson and affirms Poole without analysis and seemingly without genuine consideration.

 To the extent that Scarber’s statements in the first phone call implicated both himself and his codefendants, a court could infer that a reasonable person would not have made the statements unless they were true. In contrast, Scarber’s statements in the second telephone call implicated only King. It would be in Scarber’s interest to exculpate himself from the shooting by inculpating only King in the second call; therefore, a “reasonable person” might have made those statements even if they were not true. This demonstrates why Williamson’a application of MRE 804(b)(3) reaches a result more precisely connected to the rule’s text than Poole’s interpretation does.